IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**NOELLE E. WATKINS,**          CASE NO. 3:24 CV 1570

    Plaintiff,

    v.          JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.          **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Plaintiff Noelle E. Watkins seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Reuben J. Sheperd for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Sheperd recommends this Court affirm the Commissioner's final decision. (Doc. 14). Plaintiff filed objections to the R&R (Doc. 15), and the Commissioner filed a response thereto (Doc. 16). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income and disability insurance benefits in May 2022, alleging a disability onset date of August 7, 2021. *See* Tr. 10. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on October 2, 2023, finding Plaintiff not disabled. (Tr. 10-24). This appeal ultimately followed. (Doc. 1).

Plaintiff raised a single multi-part argument regarding the ALJ's decision: "The ALJ failed to identify substantial evidence supporting the residual functional capacity finding, failed to

evaluate the medical opinion pursuant to the regulations, and failed to evaluate Plaintiff's allegations pursuant to appropriate legal standards." (Doc. 10, at 1, 11).

In his R&R, Judge Sheperd found: (1) although Plaintiff's statement of the issue presented appeared to raise three distinct issues, Plaintiff presented specific arguments as to only the latter two; (2) the ALJ applied the proper standard when evaluating Lileigh Bower's opinion, and that determination was supported by substantial evidence; and (3) the ALJ evaluated Plaintiff's subjective allegations under the proper standard and that determination was supported by substantial evidence. (Doc. 14, at 15-25). He recommends the Court affirm the Commissioner's decision. *See id.*

## FACTUAL BACKGROUND

Plaintiff does not object to Judge Sheperd's summary of the medical record, but rather only to the ALJ's and the R&R's interpretation thereof. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly detailed by Judge Sheperd. *See* Doc. 14, at 2-10. However, as they are particularly relevant to Plaintiff's arguments and objections, the Court summarizes the medical opinion of Lileigh Bower, MA, LPC, the ALJ's evaluation thereof, and the ALJ's residual functional capacity ("RFC") determination below.

Bower, Plaintiff's treating therapist, completed a medical source statement on October 18, 2022. (Tr. 496-97). Therein, Bower opined Plaintiff had bipolar II disorder, attention deficit hyperactivity disorder, generalized anxiety disorder, and major depressive disorder (recurrent, severe with psychotic symptoms). Tr. 496. In response to a question regarding the clinical findings "including results of mental status examination that demonstrate the severity of your patient's mental impairments and symptoms", Bower wrote: "Client demonstrates appropriate appearance, dress, and motor activity and orients to person, place and time." *Id.* She checked a box indicating

2

Plaintiff's difficulties in understanding, remembering, or applying information were "[n]one-[m]ild". *Id.* She further indicated Plaintiff had "marked"[1] difficulties in the areas of interacting with others; maintaining concentration, persistence, or pace; and adapting or managing oneself. *Id.* She believed Plaintiff's impairments or treatment would cause her to be absent from work four or more times per month. *Id.* Bower believed Plaintiff had no limitation in the ability to remember locations and work-like procedures, or to carry out very short and simple instructions. *Id.* at 497. She opined Plaintiff had a "mild" limitation in the ability to respond appropriately to changes in the work setting. *Id.* Finally, she indicated Plaintiff had a marked limitation in the abilities to: (1) complete an eight-hour workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and (2) get along with coworkers without distracting them or exhibiting behavioral extremes. *Id.* In a section asking for any additional relevant notes, opinions, or findings, Bower wrote: "Clinician to rule out Borderline Personality Disorder[.]" *Id.*

> The ALJ provided the following analysis of Bower's opinion:
>
> This opinion is consistent with and supported by the overall record with respect to the claimant's ability to understand, remember or apply information. As noted by Ms. Bower, the claimant is consistently alert and oriented (5F/1 & see 13F/23, 33, 43 & 15F). Further, the claimant testified that she graduated from high school and can read, write, and make change at the store (Hrg. Tr.). The record demonstrates no cognitive limitations. However, with respect to the remaining criteria, the record does not support a marked limitation. Specifically, as detailed above, the record shows only a moderate limitation in the remaining areas of mental health functioning. Notably, although Ms. Bower states that the claimant has a marked inability to interact with others, her own treatment notes consistently describe her as cooperative as do the records from other providers (see, e.g., 10F/52 & 55, 11F/12, 25, 31 & 37 & 13F/51). There is no indication in the record of difficulty

---

1. The form Bower completed defined "marked" as "more than moderate but less than extreme" and stated that such a limitation "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitations is such as to interfere seriously with [the individual's] ability to function independently, appropriately, effectively, and on a sustained basis." (Tr. 496).

3

getting along with medical providers or their staff. And, although the claimant testified that she has no in-person friends, treatment records show she has had at least two friends and has even traveled by plane to Los Angeles with one of them and has reported plans to have another come to visit (see, e.g., see 10F/58 & 11F/37). The claimant has been married and has a current long-time boyfriend. She shops in stores, although she testified that she sometimes becomes agitated or anxious and has to leave (Hrg. Tr.). Accordingly, the record does not support a marked limitation in interacting with others. Further, the record does not support marked limitations in maintaining concentration, persistence or pace nor in adapting. As detailed above, the claimant's attention on examination is consistently described as good, fair and/or intact (see, e.g., 13F/23, 33, 43 & 51). She is able to spend hours online on social media which is also inconsistent with a marked limitation in this area of functioning (Hrg. Tr.). With respect to adapting, again the record does not support a marked limitation. The claimant is able to cook, do some household chores, shop for her own groceries, and travel by plane out of state (Hrg. Tr. & 10F/58). There have been no periods of decompensation during the relevant period. Although there have been a few occasions where the claimant has requested an urgent visit with psychiatry, these are associated with times when she has stopped taking her medications (13F/11-17 & 29-35). While she does report ups and downs with respect to her mood even when she is medication compliant, these periods do not support a finding of a marked limitation in adapting. Notably, the claimant is able to babysit her ten-year-old niece for up to two hours a week (Hrg. Tr.). While the claimant testified to daily crying spells, she admitted these have never happened while needing to care for her niece. Further, while her niece is there, she is able to interact appropriately, either watching her play games and/or drawing with her niece (Hrg. Tr.). Accordingly, the undersigned does not find that the record supports a marked limitation in adapting. Thus, while a therapist is not an acceptable medical source as defined in the regulations, the undersigned has considered Ms. Bower's opinion but finds it to be only somewhat persuasive, only to the extent of opining that the claimant has no limitation in understanding, remembering or applying information.

(Tr. 21).

The ALJ ultimately found Plaintiff retained the following RFC:

[T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: she can do short repetitive tasks in a work setting without fast paced production or quota requirements[;] for example[,] no assembly line work. She is limited to occasional, brief and superficial interactions with supervisors, coworkers and the general public. Superficial [is] defined as, able to be in proximity of others, able to exchange greetings, and able to engage in discussions that do not require persuasion or involve team or tandem tasks. She can work in a work environment with infrequent changes. She can appropriately respond to constructive criticism from supervisors.

4

(Tr. 16).

## STANDARD OF REVIEW

Under the applicable statute:

Within fourteen days after being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION

Plaintiff raises three enumerated objections to the R&R, which track the arguments in her opening brief. The Court addresses each individually below.

<u>Whether Substantial Evidence Supports the RFC</u>

In her first objection, Plaintiff contends the Magistrate Judge failed to address all of the issues alleged in her brief. Specifically, she asserts the R&R did not address whether substantial

5

evidence supported the ALJ's RFC determination. (Doc. 15, at 1-3). Plaintiff's opening brief, under a heading entitled "Statement of Legal Issues", stated:

> 1. The ALJ failed to identify substantial evidence supporting the residual functional capacity finding, failed to evaluate the medical opinion pursuant to the regulations, and failed to evaluate Plaintiff's allegations pursuant to the appropriate legal standards.

(Doc. 10, at 1). In the R&R, the Magistrate Judge observed that although presented as a single issue, Plaintiff "appears to raise three distinct issues[.]" (Doc. 14, at 15). But the R&R also accurately noted that "[t]he Arguments section of Plaintiff's Brief, however, does not address the first issue noted above." *Id.* This is accurate; the brief does not separately argue that the RFC finding is unsupported for reasons other than its alleged failure to properly address Bower's opinion and Plaintiff's subjective symptoms. *See* Doc. 10. The R&R addressed the issues presented with developed argumentation. Plaintiff's first objection is therefore overruled.

Evaluation of Bower's Opinion

In her second objection, Plaintiff contends the R&R conflated the issue of whether substantial evidence supported the RFC finding with whether the ALJ complied with the regulatory requirements for consideration of opinion evidence. In essence, Plaintiff contends the R&R failed to properly evaluate whether the ALJ complied with the requirement that she consider and explain the "consistency" and "supportability" of a medical opinion. *See* Doc. 15, at 3; 20 C.F.R. § 404.1520c. Specifically, Plaintiff argues: (1) the majority of the evidence contradicts the ALJ's decision and the ALJ failed to discuss that evidence elsewhere in the decision; and (2) the ALJ cherry-picked evidence and did not adequately consider Bower's treatment notes. (Doc. 15, at 3-12). Upon review, the Court overrules Plaintiff's objection.

The Court finds the ALJ evaluated the evidence, both from Bower's own treatment notes and the remainder of the record, in assessing both the supportability and consistency of Bower's

6

assessment of marked limitations in the areas of: interacting with others; concentration, persistence, and pace; and adaptation.² This is what the regulations require. *See* 20 C.F.R. § 404.1520c. And the Court finds the R&R properly determined the ALJ cited evidence that she identified as contradicting Bower's assessment of marked limitations in these areas. *See* Tr. 21 (finding evidence that Plaintiff was cooperative with medical providers and had reported plans with friends contradicted a marked limitation in interacting with others); *id.* (finding records indicating Plaintiff was able to cook, do household chores, shop for groceries, travel by plane out of state, and babysit her ten-year-old niece for brief periods contradicted a marked limitation in maintaining concentration, persistence or pace, and adaptation). Although Plaintiff contends "the ALJ did not cite to the evidence in the record when making conclusory findings under the supportability and consistency factors" (Doc. 15, at 6), based on the above, the Court disagrees.

The Court further finds the ALJ did not, as Plaintiff asserts, cherry-pick the record and ignore negative findings. For example, the ALJ, in summarizing Bower's records, noted Plaintiff feeling "overwhelmed" and having a "disordered" stream of thought. (Tr. 18). She further noted Plaintiff's argument with her friend following a visit and that she was depressed and emotional afterward. *Id.* Continuing through the records, the ALJ noted, *inter alia*, Plaintiff had nightmares, a "moderately increased intensity of affect", suicidal ideation, two requested urgent psychiatry visits based on increased symptoms, fluctuations in her emotional state, an "up and down" mood, and fair insight and judgment. (Tr. 19-20). The ALJ further noted that at one point Plaintiff was

---

2. Confusingly, Plaintiff's objection contains a full page regarding the ALJ's finding that Plaintiff had no limitation in the area of understanding, remembering, or applying information, beginning with a sentence that states: "the ALJ portrayed the record as containing no support for the limitations assessed by Ms. Bower." (Doc. 15, at 7-9). But Ms. Bower did not indicate Plaintiff had greater limitation in this specific functional area; rather, she checked a box indicating "[n]one-[m]ild" in this category. *See* Tr. 496.

agitated and emotional/dysphoric and that she at times had "fair" thought content and judgment. *Id.* True, the ALJ did not list every examination finding from every record. But the ALJ is not required to do so and can consider all the evidence without citing each individual piece. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. 2006). And the Court finds the ALJ's summary of the record is not so one-sided, as Plaintiff asserts, such that it indicates the ALJ ignored the evidence supporting greater restrictions. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) ("But we see little indication that the ALJ improperly cherry picked evidence; the same process can be described more neutrally as weighing the evidence. [The plaintiff] has not persuasively shown that the ALJ erred in conducting this difficult task.").

Plaintiff further contends that her "ability to interact with her treatment providers and family members does not equate to the ability to interact with coworkers, supervisors, and the public." (Doc. 15, at 8). This is true. But the ALJ did not say that it did. Rather, the ALJ cited these interactions, as well as her ability to travel to another state by plane and shop in grocery stores (both of which involve interacting with unfamiliar individuals) as evidence that suggested her ability to interact with others was not "marked" as Bower opined. *See* Tr. 21. And, the Court notes, the ALJ crafted a highly restrictive RFC regarding interactions with others, limiting Plaintiff to "occasional, brief and superficial interactions with supervisors, coworkers and the general public" and defining superficial specifically as "able to be in proximity of others, able to exchange greetings, and able to engage in discussions that do not require persuasion or involve team or tandem tasks." (Tr. 16).

Although Plaintiff certainly can and has identified evidence, even substantial evidence, both in Bower's notes and elsewhere in the record that would support greater limitations as identified by Bower, this is not sufficient to mandate remand. *See Jones v. Comm'r of Soc. Sec.*,

8

336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."). And despite Plaintiff's contentions to the contrary, the Court agrees with the R&R that this is, at its core, a request that the Court weigh the evidence differently than the ALJ. This it cannot do. *See Haun v. Comm'r of Soc. Sec.*, 107 F. App'x 462, 465 (6th Cir. 2004) ("We may not reweigh conflicting evidence on appeal, but instead must affirm [the ALJ's] decision because substantial evidence supports it."); *see also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) ("This Court may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."). The Court finds the ALJ complied with the regulatory requirement to evaluate the consistency and supportability of Bower's opinion, and that this determination is supported by substantial evidence. *See Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) ("[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

And the ALJ here identified significant limitations in Plaintiff's functioning in the final RFC determination. That is, although she found Bower's extreme limitations not supported by her notes or consistent with the record as a whole, this was a matter of degree, not a complete rejection of any limitation in the identified areas.

Evaluation of Subjective Symptom Reports

In her third objection, Plaintiff disputes the R&R's conclusion that the ALJ adequately evaluated her subjective symptom reports. She contends the ALJ failed to identify any actual

9

conflict between her subjective allegations and other evidence of record, and that the R&R's conclusion to the contrary is incorrect. *See* Doc. 15, at 12-19.

As the R&R accurately points out, district court review of an ALJ's subjective symptom reports is deferential. *See* Doc. 14, at 22. It is for the ALJ, not the reviewing court, to judge the consistency of a claimant's statements against the record. *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 171 (6th Cir. 2020). Where the ALJ cites legitimate, substantial evidence to support her factual conclusions, this Court may not second-guess such conclusions. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713-14 (6th Cir. 2012). A plaintiff's contrary conclusion about their own subjective complaints does not meet the burden to demonstrate remand is necessary. *Lipanye*, 802 F. App'x at 171.

Plaintiff first specifically contends the R&R's finding that "[t]he ALJ recounted the mental health treatment that [Plaintiff] received during the period in question, detailing the subjective concerns that she had described to her providers" is "inaccurate". (Doc. 15, at 12) (quoting Doc. 14, at 22). The portion of the R&R to which Plaintiff objects is simply a summary of a portion of the ALJ's decision. *See* Doc. 14, at 22. Plaintiff then cites various treatment notes that support her subjective complaints. (Doc. 15, at 13-14). But as noted above, this Court's role is not to reweigh the evidence. And the ALJ specifically cited some of the evidence to which Plaintiff now points. *Compare* Tr. 18 (citing June 2022 records showing Plaintiff reported she was tired all the time and had severe anxiety and depression; November 2022 records showing Plaintiff was depressed and emotional following out-of-state visit with a friend and did not feel her medications were working well), *with* Doc. 15, at 13-14 (citing, *inter alia*, same records).

Plaintiff secondly contends the R&R "found, like the ALJ, that Plaintiff's contention that she had no in-person friends was a lie." (Doc. 15, at 14). She asserts the fact that she spent time

10

with two friends is insufficient to discount her subjective symptom reports, particularly when the one documented out of state trip to visit a friend resulted in additional symptomology. She contends that, even if she did exaggerate her lack of friends, the subjective symptom evaluation "is not an examination of an individual's character." (Doc. 15, at 15) (quoting Social Security Ruling ("SSR") 16-3P, 2017 WL 5180304, at *2). She contends neither the ALJ nor the Magistrate Judge "identifie[d] evidence inconsistent with Plaintiff's allegations relating to social interaction, agoraphobia, panic attacks, etc., and the records ignored by the ALJ fully support her allegations." *Id.* at 15-16. Plaintiff is correct that the subjective symptom evaluation "is not an examination of an individual's character." SSR 16-3P, 2017 WL 5180304, at *2. But the Court finds the ALJ did not act improperly here. Rather, the ALJ found Plaintiff's claims that she had no in-person friends and rarely left home were inconsistent with other records. This is appropriate and not an improper character evaluation. *See Amir v. Comm'r of Soc. Sec.*, 705 F. App'x 443, 450 (6th Cir. 2017) ("But as we have previously noted, evidence regarding [the plaintiff's] daily activities was plausibly contradictory. The ALJ's adverse inference was therefore justified under prevailing Sixth Circuit law."); *Walters*, 127 F.3d at 531 ("Discounting [subjective symptom reports] to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence.").

Third, Plaintiff contends the R&R (and the ALJ) improperly relied upon an assumption that Plaintiff's noncompliance with medication was the cause of her increased symptomology without considering any reason for that noncompliance. (Doc. 15, at 16). She further contends the ALJ did not identify evidence of improvement with treatment. *Id.* at 17. The portion of the R&R to which Plaintiff objects states simply:

> The ALJ mentions Watkins's often expressed concern that her medications were not working well, (Tr. 18-19), but also reported several times when Watkins was

11

> not taking her medications consistently. (*Id.*). The ALJ also described several other visits to mental health providers when her self-described symptoms and the provider's observations were generally benign. (Tr. 19-20). Watkins reported times where she felt "more positive," (Tr. 19), when she felt her medications were helping her mood considerably, (Tr. 20), and where she felt her mood was more stable. (*Id.*).

(Doc. 14, at 23). Again, this is simply a summary of the ALJ's description of the record. And Plaintiff's argument to the Magistrate Judge regarding noncompliance was not that the ALJ failed to consider reasons for that noncompliance, but rather that "other than a brief period in the end of 2022 and beginning of 2023, the record does not show extended noncompliance, and, more importantly, the record does not show improvement with compliance." (Doc. 10, at 20). But the ALJ noted multiple instances of increased symptoms corresponding with not taking medication as well as improvement with medication. *See* Tr. 18-20. The Court finds no error in the R&R in this regard.

Fourth and finally, Plaintiff argues the Magistrate Judge "is also incorrect that Plaintiff's contention is that the RFC was based solely upon Plaintiff's activities of daily living", but rather she contends "the ALJ improperly rejected Plaintiff's allegations based upon minimal activities that do not conflict with Plaintiff's allegations of debilitating symptoms." (Doc. 15, at 17). But the ALJ did not find that Plaintiff's daily activities equated with the ability to sustain work. Rather, she found that they contradicted, to some extent, Plaintiff's assertions of her own abilities. As the Sixth Circuit has explained in response to a similar argument:

> [The plaintiff]] argues that it was an error for the ALJ to rely on the daily activities described in her Function Report because "[n]one of these activities demonstrates the ability to perform light work." But [the plaintiff's] argument misunderstands the ALJ's decision. The ALJ cited these activities as evidence that [the plaintiff's] testimony about the severity of her symptoms and her limited lifestyle was "not entirely credible," not to demonstrate that she was capable of light work. It was entirely appropriate for the ALJ to consider whether Shepard's asserted limitations were consistent with her ability to drive, prepare simple meals, shop, and go to eat or the movies. *See* 20 CFR § 404.1529.

12

*Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 441-42 (6th Cir. 2017).

Again, as stated above with regard to the ALJ's evaluation of Bower's opinion, the Court reiterates that the ALJ here did not entirely reject Plaintiff's subjective symptom statements, but instead discounted them by some degree. *See* Tr. 17-18 ("[T]he claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."). That is, the ALJ found Plaintiff had limitations, but that they were not as limiting as she subjectively alleged. This is evidenced by the very restrictive RFC determination. *See* Tr. 16.

For the above reasons, Plaintiff's objection to the R&R's conclusion regarding the ALJ's evaluation of her subjective symptoms is overruled.

## Conclusion

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Sheperd's R&R (Doc. 14) is ADOPTED as the Order of this Court as supplemented and explained herein, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: September 26, 2025